IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| United States *ex rel.* ) | |
| ) | |
| ELIZABETH POWELL, ) | |
| Relator, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | JURY TRIAL |
| THE PROCTER & GAMBLE ) | DEMANDED |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## COMPLAINT

Relator, ELIZABETH POWELL ("Relator"), for her Complaint against Defendant THE PROCTER & GAMBLE COMPANY ("P&G" or "Defendant"), alleges as follows:

### NATURE OF THE CASE

1. This is a *qui tam* action for civil fines for false patent marking under Title 35, Section 292, of the United States Code. As alleged further below, Defendant has falsely marked articles in violation of 35 U.S.C. § 292 and must be civilly fined for each offense: "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public … Shall be fined not more than $500 for every such offense." The Defendant has falsely marked products with patent numbers to induce the public to believe that each such product is protected by

1


each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, the Defendant falsely marked articles with intent to deceive the public.

2. As set forth in detail herein, Defendant has violated 35 U.S.C. § 292(a) by marking certain products with numbers of expired patents, and, upon information and belief, by marking products with language indicating that the products are the subject matter of pending patent applications when no relevant patent application is pending, by advertising products as "patented" when the products are not covered or protected by any patent, by marking products with numbers that do not correspond to any patent, and by marking products with patents having a scope which does not cover the marked products. Defendant committed such violations of 35 U.S.C. § 292(a) with an intent to deceive competitors and the public.

## THE PARTIES

3. Defendant P&G is an Ohio corporation with its principal place of business at One Procter & Gamble Plaza, Cincinnati, Ohio 45202.

4. P&G's registered agent for service of process is CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

5. Relator is an individual residing in this district.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a), because, at least in part, Defendant's products that are the subject matter of this Complaint, were and are offered for sale and sold in this District.

8. Relator brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## GENERAL ALLEGATIONS

9. Defendant is a manufacturer and supplier of branded consumer packaged goods and products.

10. Defendant has in the past manufactured and marketed (or caused to be manufactured and marketed) and/or presently manufactures and markets (or causes to be manufactured or marketed) products for sale to the general consuming public, including laundry detergent and fabric softener.

11. Defendant's products, including the Gain® brand of detergent and fabric softener and/or its packaging, were and are marked with United States patent numbers 4,767,547 ("the '547 Patent"), 4,981,239 ("the '239 Patent"), and 4,986,420 ("the '420 Patent").

12. The '547 Patent, the '239 Patent, and the '420 Patent expired, but Defendant nevertheless chose to continue using the improper patent markings on its Gain® brand of products, and possibly other products, with the intent to deceive the public and to gain a competitive advantage in the market.

13. When a patent expires, all monopoly rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently patented by such expired patent. In other words, the product is unpatented.

14. Marking products with expired patents is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products, which, in turn, causes harm to the consuming public, including Relator, by quelling product innovation and price competition.

15. Defendant is a sophisticated company with experience applying for and obtaining patents, and therefore knows that patents do not have an indefinite duration but, rather, expire.

16. Defendant knew that the patents marked on the products identified herein were expired.

17. After the above patents expired, Defendant marked, or caused to be marked, the aforementioned products and/or packaging with the expired patent numbers.

18. Defendant knew that the patents marked on the products identified herein were expired during time periods Defendant was marking products with such expired patents.

19. Because all monopoly rights in an expired patent have terminated, Defendant cannot have any reasonable belief that the products identified herein are patented or covered by the expired patents marked on such products.

20. By marking the products identified herein with expired patents, Defendant committed numerous violations of 35 U.S.C. § 292(a).

21.     Defendant committed such violations of 35 U.S.C. § 292(a) with an intent to deceive competitors and the public.

22.     Relator seeks an award of monetary damages against Defendant, one half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## COUNT I: THE '547 PATENT

23.     Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein.

24.     United States patent number 4,767,547 ("the '547 Patent") (attached hereto as Exhibit A) was filed on March 26, 1987, and issued on August 30, 1988. The '547 Patent expired on April 28, 2004 pursuant to a disclaimer on the term of the patent.

25.     Defendant marketed for sale to the public a line of products known as Gain® fabric softener, and possibly other products, marked with the '547 Patent.

26.     Defendant violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of its Gain® fabric softener with the '547 patent, and any and all other products marked with the '547 patent, subsequent to the date the patent expired with the intent to deceive the public.

27.     Upon information and belief, Defendant knew, on or about the date of expiration, that the '547 Patent had expired.

28.     Defendant cannot genuinely believe that the patent applies even after it expired.

5

29. Defendant has falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

30. Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

31. Defendant's false marking of products with the '547 Patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

32. Defendant wrongfully and illegally advertised a patent monopoly which it did not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, Relator demands a trial by jury and requests that the Court enter judgment as follows:

A. Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B. Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense" (or falsely-marked article), or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C. Grant Relator such other and further relief as it may deem just and equitable.

## COUNT II: THE '239 PATENT

33. Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein.

34. United States patent number 4,981,239 ("the '239 Patent") (attached hereto as <u>Exhibit B</u>) was filed on January 3, 1989, and issued on January 1, 1991. The '239 Patent expired on January 3, 2009.

35. Defendant marketed for sale to the public a line of products known as Gain® fabric softener, and possibly other products, marked with the '239 Patent.

36. Defendant violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of its Gain® fabric softener with the '239 patent, and any and all other products marked with the '239 patent, subsequent to the date the patent expired with the intent to deceive the public.

37. Upon information and belief, Defendant knew, on or about the date of expiration, that the '239 Patent had expired.

38. Defendant cannot genuinely believe that the patent applies even after it expired.

39. Defendant has falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

40. Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

41. Defendant's false marking of products with the '239 Patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

42. Defendant wrongfully and illegally advertised a patent monopoly which it did not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, Relator demands a trial by jury and requests that the Court enter judgment as follows:

A. Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B. Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense" (or falsely-marked article), or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C. Grant Relator such other and further relief as it may deem just and equitable.

## COUNT III: THE '420 PATENT

43. Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein.

44. United States patent number 4,986,420 ("the '420 Patent") (attached hereto as Exhibit C) was filed on August 11, 1989, and issued on January 22, 1991. The '420 Patent expired on August 11, 2009.

8

45. Defendant marketed for sale to the public a line of products known as Gain® detergent, and possibly other products, marked with the '420 Patent.

46. Defendant violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of its Gain® detergent with the '420 patent, and any and all other products marked with the '420 patent, subsequent to the date the patent expired with the intent to deceive the public.

47. Upon information and belief, Defendant knew, on or about the date of expiration, that the '420 Patent had expired.

48. Defendant cannot genuinely believe that the patent applies even after it expired.

49. Defendant has falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

50. Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

51. Defendant's false marking of products with the '420 Patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

52. Defendant wrongfully and illegally advertised a patent monopoly which it did not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, Relator demands a trial by jury and requests that the Court enter judgment as follows:

A. Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B. Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense" (or falsely-marked article), or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C. Grant Relator such other and further relief as it may deem just and equitable.

### DAMAGES

53. Each false marking on the products identified herein is likely to, or at least has the potential to, discourage or deter persons and companies from inventing or commercializing competing products.

54. Defendant's marking of its products with the numbers of expired patents, and, upon information and belief, marking with a number that does not correspond to any patent, marking with the numbers of patents which have a scope that does not cover the product, marking with language indicating that the products are the subject matter of pending patent applications when no relevant patent application is pending, and advertising that products are "patented" when no patent protects that product as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

55. For the reasons set forth herein, and for other reasons that will later be evidenced, Defendant has wrongfully and illegally advertised patent monopolies which it did not possess and, as a result, have benefited by maintaining its substantial market share with respect to the herein described products.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator requests this Court, pursuant to 35 U.S.C. §292, to:

A. Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B. Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C. Grant Relator such other and further relief as it may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: March 9, 2010

Respectfully Submitted,

W. LEWIS GARRISON, JR.
Ala. Bar No. ASB-3591-N74W
wlgarrison@hgdlawfirm.com
TIMOTHY C. DAVIS
Ala. Bar No. ASB-6834-D63T

tdavis@hgdlawfirm.com
JEFFREY P. LEONARD
Ala. Bar No. ASB-2573-J67L
jleonard@hgdlawfirm.com
BRIAN HANCOCK
Ala. Bar. No. ASB-0874-B65H
bhancock@hgdlawfirm.com


HENINGER GARRISON & DAVIS, LLC
2224 1ST Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama 35203
(205) 326-3336
(205) 326-3332 (facsimile)


**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

THE PROCTER & GAMBLE COMPANY
c/o CT Corporation System
1300 East Ninth Street
Cleveland, Ohio 44114