IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| United States, *ex rel.*, ) | | |
| ELIZABETH POWELL, Relator, ) | | |
| ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | 2:10-CV-0487-RRA | |
| ) | | |
| THE PROCTOR & GAMBLE COMPANY, ) | | |
| ) | | |
| Defendant. ) | | |

MEMORANDUM OF OPINION

I.  Introduction.

Pending is the magistrate judge's report and recommendation (Doc. 27) and Plaintiff Powell's motion to amend her complaint.  (Doc. 32.) Defendant Proctor & Gamble Company ("P&G") opposes the amendment, arguing that Powell fails to state a claim.  (Doc. 34.)  Powell filed her original complaint alleging that P&G falsely marked its products with expired patents: the '547 patent, the '239 patent, and the '420 patent. (Doc. 1 at 5-12.)  P&G filed a motion to dismiss (Doc. 10), which the magistrate judge suggested granting.  (Doc. 27.)  The Court delayed ruling

on the magistrate judge's report and recommendation because Plaintiff appeared capable of stating a claim regarding the '547 patent. (Doc. 31.) Plaintiff then filed a motion to amend her complaint. (Doc. 32.) The proposed amended complaint alleges that P&G falsely marked a version of its fabric softener with the expired '547 patent. (Doc. 32-1.)

The Federal Rules of Civil Procedure ("FRCP") permit amended complaints in many circumstances: "The court should freely give leave when justice so requires." FRCP 15(a)(2). Case law cabins the circumstances somewhat, allowing denial of leave to amend if the amendment would be futile. For instance, if the complaint as amended would subject itself to dismissal, then denial of leave to amend is justified. *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). But a low bar still exists for granting motions to amend. "[I]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," the court should freely give plaintiffs leave to amend their complaint. *Hall*, 367 F.3d at 1262. To avoid allowing a futile amendment, this Court will analyze the proposed amended complaint under the FRCP 12(b)(6) standard. The issues raised in Powell's motion to amend her complaint have been briefed by both

parties and are now ready for decision. After considering the legal arguments and presented evidence, Plaintiff's motion to amend is granted.

II.     Facts.[1]

P&G markets a variety of branded consumer products. Among these products, P&G sells Gain® fabric softeners. The Gain® brand now accounts for over a billion dollars in sales. In 2006 P&G launched a line of Gain® called Joyful Expressions®. In 2009, P&G packaged the Apple Mango Tango™ scent of Joyful Expressions® in a bottle that listed several patents, including the '547 patent. The '547 patent expired on April 28, 2004, according to a disclaimer in its documentation.

III.    Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir.

---

[1] Unless otherwise indicated, the facts are taken from Plaintiff's proposed amended complaint. (Doc. 32-1.)

1990).  "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  *St. George v. Pinellas Cnty*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).[2]  But the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations

---

[2]In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957).  *Bell Atl. Corp.*, 550 U.S. at 560-63.  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"

*American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52). However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997).

III.   Analysis.

P&G asserts that the proposed amended complaint fails to "show that P&G knew the '547 patent had expired or that it intended to deceive the public." (Doc. 34 at 10.) To state a false marking claim, the plaintiff must prove that the defendant falsely marked an object as patented and did so with "intent to deceive the public." *See Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1351 (Fed. Cir. 2005.) "Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is

saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." *Id.* at 1352.

Plaintiff Powell's proposed amended complaint alleges sufficient facts to raise a plausible claim of false marking regarding the '547 patent. P&G "maintains an Intellectual Property ("IP") Division that monitors and handles various aspects of its patent intellectual property." (Doc. 32-1 at 5.) To handle these aspects, P&G "maintain[s] a database containing information for each of the patents that it holds and . . . marks on its products, including the '547 Patent." (Doc. 32-1 at 9.) This database allows P&G to monitor payment of maintenance fees and to determine whether to continue paying maintenance fees or to allow patents to expire.

An expired patent terminates all rights to use that patent. And so "a product marked with an expired patent is . . . . 'unpatented.'" (Doc. 32-1 at 5.) The '547 patent expired on April 28, 2004. (Doc. 32-1 at 7.) Two years after it expired, "P&G introduced and launched a new line of Gain® fabric softeners called Joyful Expressions®." (Doc. 32-1 at 7.) This launch "played an integral part in helping push the Gain® brand's sales over the billion dollar mark." (Doc. 32-1 at 7.) These products "did not exist at the

time the '547 Patent expired in 2004." (Doc. 32-1 at 7.) "Defendant also revised and altered the packaging and labels of its Gain® fabric softeners, and other products, numerous times after the '547 Patent expired, placing and keeping the '547 Patent on the label of those products." (Doc. 32-1 at 8.) Powell attaches photographs from February 2010 showing "the 2009 copyright date on the Gain® Joyful Expressions® fabric softener in Apple Mango Tango™ that was observed . . . marked with the expired '547 Patent." (Doc. 32-1 at 9.)

FRCP 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Powell achieves this burden in detailing her allegations of intent to deceive. P&G nevertheless contends that alleging "the appearance of expired patent numbers and/or copyright dates on defendant's products or that defendant is a sophisticated company" fails to establish intent to deceive. (Doc. 34 at 10.)

Here, intent to deceive requires that P&G knew that the '547 patent did not cover the Gain® Joyful Expressions® fabric softener and that its customers would think the patent covered the product. *Clontech Labs.*, 406 F.3d at 1352. Powell's proposed amended complaint lays out how a patent

that expired in 2004 existed on a package designed in 2009, for a product created in 2006.  The complaint details how P&G maintains a database for the purpose of identifying patents and how P&G creates new packing each year.  Powell alleges more than that a sophisticated company exists and that an expired patent appeared on P&G's products: She alleges the numerous chances P&G had to change the product in the two year interim between expiration and product launch.  She alleges the passage of years during which P&G could have changed the product's packaging.  And she alleges that P&G performed a cost benefit analysis in determining whether to allow patents to expire or to pay maintenance fees to continue them.   Her allegations suggest that P&G intended to deceive.  Her false marking claim is plausible.

Yet, P&G cites non-binding authority dismissing false marking complaints.  P&G is right that many district courts suggest component parts of Powell's allegations are insufficient to withstand dismissal.  For example, Powell alleges P&G's sophistication.  One district court states that "[b]y failing to allege *more than simply* [defendant's] sophistication and experience and knowledge regarding patents, [plaintiff] has failed to plead

actual intent to deceive." (Doc. 34-13 at 10 (*Herengracht Grp. LLC v. Wm. Wrigley Jr. Co.*, No. 1:10-cv-21784-ASG, slip op. at 9 (S.D. Fla. Sept. 16, 2010)) (emphasis added.) Powell alleges that P&G revised its packing in 2009, placing an expired patent on that packaging. A district court case states that "[t]he *only* fact which Plaintiff has pointed to as a basis for [intent] is the fact that the packaging on the [product] is marked with a copyright dated 2009 . . . . creating new packaging does not create a reasonable inference. . . ." *Shizzle Pop, LLC v. Wham-O, Inc.*, No. 2:10-cv-03491-PA-FFM, 2010 WL 3063066, at *4 (C.D. Cal. Aug. 2, 2010) (emphasis added). And Powell alleges that P&G continued placing the expired patent on its products years after it expired. A district court case states that "[t]he length of [defendant's] alleged conduct *alone* does not show that [it] intended to deceive the public." *United States ex rel. FLFMC, LLC v. Wm. Bounds, Ltd.*, No. 2:10-cv-00420-GLL, 2010 WL 4788554, at *5 (W.D. Pa. Nov. 17, 2010) (emphasis added). But, of course, this non-binding authority fails to address the present situation: Powell's alleging all of the above and specific facts about P&G's internal patent evaluation process.

P&G quibbles with the veracity of Powell's factual allegations: "The

'547 Patent did not expire on April 28, 2004," and "Ms. Powell's bald allegations about the internal operating procedures at P&G have no support and should be ignored." (Doc. 34 at 5, 8.) But ruling on a motion to amend requires this Court to consider the success of Powell's complaint under the motion to dismiss standard. *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). That standard requires accepting the allegations in the complaint as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Powell's allegations may be incorrect. But that conclusion remains premature at this point. Powell's proposed amended complaint does not subject itself to dismissal.

IV.   Conclusion.

For the above-stated reasons, Powell's motion to amend her complaint is thus granted. (Doc. 32.) The magistrate judge's report and recommendation (Doc. 27) is thus moot, as is Defendant's motion to dismiss. (Doc. 10.) A separate order will be entered, conforming to this Opinion.

Done this 31st day of January 2011.

/s/ L. Scott Coogler
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
159890

159890