# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| United States *ex rel.* | ) | |
| | ) | |
| ELIZABETH POWELL, | ) | |
| Relator, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:10-CV-00487-RRA |
| v. | ) | |
| | ) | JURY TRIAL |
| THE PROCTER & GAMBLE COMPANY, | ) | DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## FIRST AMENDED COMPLAINT

Relator, ELIZABETH POWELL ("Relator"), for her First Amended Complaint against Defendant THE PROCTER & GAMBLE COMPANY ("P&G" or "Defendant"), alleges as follows:

## NATURE OF THE CASE

1.  This is a *qui tam* action for civil fines for false patent marking under Title 35, Section 292, of the United States Code. As alleged further below, Defendant Procter & Gamble has falsely marked articles in violation of 35 U.S.C. § 292 and must be civilly fined for each offense: "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is

1

patented for the purpose of deceiving the public … Shall be fined not more than $500 for every such offense."  The Defendant has falsely marked products with patent numbers to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent.  Accordingly, the Defendant falsely marked articles with intent to deceive the public.

2. As set forth in detail herein, Defendant has violated 35 U.S.C. § 292(a) by marking certain products with numbers of expired patents, and, upon information and belief, by marking products with language indicating that the products are the subject matter of pending patent applications when no relevant patent application is pending, by advertising products as "patented" when the products are not covered or protected by any patent, by marking products with numbers that do not correspond to any patent, and by marking products with patents having a scope which does not cover the marked products.  Defendant committed such violations of 35 U.S.C. § 292(a) with an intent to deceive competitors and the public.

### THE PARTIES

3. Defendant P&G is an Ohio corporation with its principal place of business at One Procter & Gamble Plaza, Cincinnati, Ohio 45202.

4. P&G's registered agent for service of process is CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

5. Relator is an individual residing in this district.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a), because, at least in part, Defendant's products that are the subject matter of this Complaint, were and are offered for sale and sold in this District.

8. Relator brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## GENERAL ALLEGATIONS

9. Defendant is a manufacturer and supplier of branded consumer packaged goods and products.

10. Defendant has in the past manufactured and marketed (or caused to be manufactured and marketed) and/or presently manufactures and markets (or causes to be manufactured or marketed) products for sale to the general consuming public, including laundry detergent and fabric softener.

11. Defendant's products, including the Gain® brand of fabric softener and/or its labels and packaging, were and are marked with United States patent number 4,767,547 ("the '547 Patent").

12. The '547 Patent expired, but Defendant nevertheless chose to continue using the improper patent markings on its Gain® brand of products, and possibly other products, with the intent to deceive the public and to gain a competitive advantage in the market.

13. After the '547 Patent expired, Defendant deliberately choose to mark it for the first time on new lines of fabric softeners, and possibly other products, that Defendant debuted after the '547 Patent expired.

14. When a patent expires, all monopoly rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently patented by such expired patent. In other words, the product is "unpatented."

15. Marking products with expired patents is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products, which, in turn, causes harm to the consuming public, including Relator, by quelling product innovation and price competition.

16. Defendant is a sophisticated company with experience applying for and obtaining patents, and therefore knows that patents do not have an indefinite duration but, rather, expire. Defendant maintains an Intellectual Property ("IP") Division that monitors and handles various aspects of its patent intellectual property.

17. Defendant knew that the patents marked on the products identified herein were expired.

18. After the above patents expired, Defendant marked, or caused to be marked, the aforementioned products and/or packaging with the expired patent numbers.

19. Defendant knew that the patents marked on the products identified herein were expired during time periods Defendant was marking products with such expired patents.

20. Because all monopoly rights in an expired patent have terminated, Defendant cannot have any reasonable belief that the products identified herein are patented or covered by the expired patents marked on such products.

21. By marking the products identified herein with expired patents, Defendant committed numerous violations of 35 U.S.C. § 292(a).

22. Defendant committed such violations of 35 U.S.C. § 292(a) with an intent to deceive competitors and the public.

23. Relator seeks an award of monetary damages against Defendant, one half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## COUNT I: THE '547 PATENT

24. Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein.

25. United States patent number 4,767,547 ("the '547 Patent") (attached hereto as Exhibit A) was filed on March 26, 1987, and issued on August 30, 1988.

26. The '547 Patent expired on April 28, 2004 pursuant to a disclaimer on the term of the Patent. That disclaimer on the patent expiration date of April 28, 2004 was written on the first page of the issued Patent and that disclaimer on the expiration date was introduced into the terms of the issued Patent by the person that applied for the '547 Patent. Thus, the expiration date of the '547 Patent was clear to anyone who reviewed the first page of the Patent.

27. Defendant marketed for sale to the public a line of products known as Gain® fabric softener, and other products, marked with the '547 Patent.

28. In 2006, Defendant P&G introduced and launched a new line of Gain® fabric softeners called Joyful Expressions®. Gain® Joyful Expressions® fabric softeners were and are offered in a variety of scents including Apple Mango Tango™, Gardenia Delight™, and Mandarin Lime Fusion™. The successful launch of the Joyful Expressions® line played an integral part in helping push the Gain® brand's sales over the billion dollar mark.

29. Gain® Joyful Expressions® fabric softeners did not exist at the time the '547 Patent expired in 2004 and where not marketed or otherwise for

sale to the public until 2006.  Thus, the launch of the new Gain® Joyful Expressions® fabric softeners required a brand new label and packaging that did not previously exist.

30.     Gain® Joyful Expressions® fabric softener in Apple Mango Tango™ were observed and photographed in February 2010 in a Wal-Mart retail location on Highway 280 in Birmingham, Alabama.  On the label/packaging of that specific product was marked the '547 Patent.  The same label of that same product also denoted a copyright of "2009."  *See* Photographs attached hereto as Exhibits B & C.

31.     Sometime between the 2006 launch of the Joyful Expressions® fabric softeners and 2009, Defendant began marking those products with the '547 Patent that expired in April 2004 – two years prior to the product launch. Defendant very well may have marked its Joyful Expressions® fabric softeners at the time it launched in 2006; Defendant's records should reveal when Defendant began marking the '547 Patent on those products.

32.     Not only did Defendant deliberately choose to mark the expired '547 Patent on products that were launched after that Patent expired, but Defendant also revised and altered the packaging and labels of its Gain® fabric softeners, and other products, numerous times after the '547 Patent expired, placing and keeping the '547 Patent on the label of those products.

33.     Defendant updates or revises the labels/packaging of its products, including its Gain® fabric softeners, at least once a year.  Defendant updates or

7

revises those product labels to, at least, update the year of the copyright to reflect the current year. This is shown by the 2009 copyright date on the Gain® Joyful Expressions® fabric softener in Apple Mango Tango™ that was observed in February 2010 at Wal-Mart marked with the expired '547 Patent. Because that specific product was launched in 2006, Defendant subsequently revised the label of that product to reflect years subsequent to its 2006 launch, including the 2009 year.

34. Despite Defendant's revisions and changes to its labels and packaging, Defendant knowingly continued to falsely mark them with the expired '547 Patent.

35. After the '547 Patent expired, Defendant marked that Patent on other brands and lines of Defendant's products, including the Ultra Downey® brand of fabric softener. Defendant also changed and revised the labels of those other products numerous times subsequent to the Patent expiration date.

36. Defendant's employees and representatives maintain a database containing information for each of the patents that it holds and each of the patents that it marks on its products, including the '547 Patent. The information in the database includes, by necessity, the date when patent was issued and information relating to when the patent expires. Defendant's maintains and monitors this database in order to, among other things, monitor the payment of maintenance fees for its patents. Defendant evaluates and re-evaluates whether it should pay maintenance fees on certain patents that it holds. If Defendant

marks its patents on its products, such as the '547 Patent, then Defendant pays maintenance fees on those patents.

37. Upon information and belief, Defendant knew, on or about the date of expiration (i.e., April 2004), that the '547 Patent had expired.

38. Subsequently, at the time it marked its products with the expired '547 Patent, Defendant had knowledge that such patent had expired. Defendant, nonetheless, continued to mark that Patent on its products and to mark new products with that Patent with knowledge that it was expired and with an intent to deceive the public.

39. Defendant violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of its Gain® fabric softener with the '547 patent, and any and all other products marked with the '547 patent, subsequent to the date the patent expired with the intent to deceive the public.

40. Defendant cannot genuinely believe that the patent applies even after it expired.

41. Defendant has falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

42. Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

43. Defendant's false marking of products with the '547 Patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

44. Defendant wrongfully and illegally advertised a patent monopoly which it did not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

45. Each false marking on the products identified herein is likely to, or at least has the potential to, discourage or deter persons and companies from inventing or commercializing competing products.

46. Defendant's marking of its products with the numbers of expired patents, and, upon information and belief, marking with a number that does not correspond to any patent, marking with the numbers of patents which have a scope that does not cover the product, marking with language indicating that the products are the subject matter of pending patent applications when no relevant patent application is pending, and advertising that products are "patented" when no patent protects that product as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

47. For the reasons set forth herein, and for other reasons that will later be evidenced, Defendant has wrongfully and illegally advertised patent monopolies which it did not possess and, as a result, have benefited by

maintaining its substantial market share with respect to the herein described products.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator requests this Court to:

A.  Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B.  Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense" (or falsely-marked article), one-half of which shall be paid to the United States;

C.  Award Relator attorneys' fees and costs under applicable law, including 35 U.S.C.§ 285;

D.  Enter an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. § 292; and

E.  Grant Relator such other and further relief as it may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: February 1, 2011

      /s/ Jeffrey P. Leonard
W. LEWIS GARRISON, JR.
Ala. Bar No. ASB-3591-N74W
wlgarrison@hgdlawfirm.com
TIMOTHY C. DAVIS
Ala. Bar No. ASB-6834-D63T
tdavis@hgdlawfirm.com
JEFFREY P. LEONARD
Ala. Bar No. ASB-2573-J67L
jleonard@hgdlawfirm.com
BRIAN HANCOCK
Ala. Bar. No. ASB-0874-B65H
bhancock@hgdlawfirm.com


HENINGER GARRISON & DAVIS, LLC
2224 1ST Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama 35203
(205) 326-3336
(205) 326-3332 (facsimile)